**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ALEC PILAVIAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SUNO, INC.,

Defendant.

Civil Action No. 1:26-cv-13400-ADB

Related Action: *Rugnetta v. Suno, Inc.*, No. 1:26-cv-13433

**ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING INTERIM CO-LEAD AND LIAISON COUNSEL, AND SETTING PLEADING SCHEDULE**

Upon consideration of Plaintiffs' Unopposed Motion to Consolidate Related Actions, Appoint Interim Co-Lead and Liaison Counsel, and Set Pleading Schedule, the supporting memorandum and declarations, and the entire record, the Court finds good cause and ORDERS as follows:

1. **Relatedness.** *Pilavian v. Suno, Inc.*, No. 1:26-cv-13400, and *Rugnetta v. Suno, Inc.*, No. 1:26-cv-13433, are related within the meaning of Local Rule 40.1(g).

2. **Consolidation.** The actions are consolidated for all purposes under Federal Rule of Civil Procedure 42(a). *Pilavian v. Suno, Inc.*, No. 1:26-cv-13400, is designated the Lead Case, and *Rugnetta v. Suno, Inc.*, No. 1:26-cv-13433, is designated the Member Case.

3. **Docketing.** All future filings concerning the consolidated action shall be made only in the Lead Case and shall bear the Lead Case number 1:26-cv-13400. The Clerk shall reflect the consolidation on both dockets and then administratively close *Rugnetta v. Suno, Inc.*, No. 1:26-cv-13433, subject to reopening for good cause.

**4.** **Consolidated Complaint.** Plaintiffs shall file the Consolidated Class Action Complaint within 30 days after entry of this Order. Upon filing, that pleading shall supersede the complaints on file in the above-noted related cases.

**5.** **Response Deadline.** Suno's existing deadlines to answer, move, or otherwise respond to the separate complaints are STAYED. Suno need not respond separately to those complaints and shall answer, move, or otherwise respond to the Consolidated Class Action Complaint within 45 days after it is filed.

**6.** **Interim Co-Lead Class Counsel.** Pursuant to Federal Rule of Civil Procedure 23(g)(3), Gerald D. Wells III of Lynch Carpenter, LLP and Casondra Turner of Milberg, PLLC are appointed Interim Co-Lead Class Counsel, subject to any required admission pro hac vice.

**7.** **Interim Liaison Counsel.** David Pastor of Pastor Law Office, PC is appointed Interim Liaison Counsel.

8. Interim Co-Lead Class Counsel shall have authority and responsibility to:

a. coordinate and direct Plaintiffs' pretrial activities and formulate Plaintiffs' positions on matters affecting the proposed classes;

b. assign work to Plaintiffs' counsel based on efficiency, expertise, and the needs of the proposed classes, and prevent unnecessary duplication;

c. supervise preparation and presentation of pleadings, motions, briefs, discovery, depositions, expert work, class-certification proceedings, settlement discussions, trial preparation, and appeals;

d. communicate and negotiate with Suno's counsel on behalf of Plaintiffs and the proposed classes, directly or through Interim Liaison Counsel as appropriate;

e. convene meetings of Plaintiffs' counsel as reasonably necessary and keep counsel informed of material developments;

f. require all Plaintiffs' counsel to maintain contemporaneous time and expense records in a uniform format; and

g. perform any other duties the Court may assign.

9. Interim Liaison Counsel shall have authority and responsibility to:

a. coordinate local filing, service, scheduling, and compliance with the Local Rules and the Court's procedures;

b. receive and distribute Court notices, orders, and communications as appropriate;

c. maintain an updated service list and litigation calendar;

d. assist Interim Co-Lead Class Counsel with conferences, hearings, and communications with the Court; and

e. perform any other liaison duties the Court or Interim Co-Lead Class Counsel may assign.

10. Other Plaintiffs' counsel may perform work for the proposed classes only as authorized by Interim Co-Lead Class Counsel or the Court. All counsel shall avoid unnecessary duplication and shall preserve complete contemporaneous time and expense records. No counsel is entitled to compensation for common benefit work merely because the work was performed.

11. The interim appointments in this Order are without prejudice to the Court's later determinations concerning class certification, appointment of class counsel, attorneys' fees or expenses, or allocation of any fee or expense award.

12. Nothing in this Order waives any claim, defense, objection, jurisdictional argument, arbitration argument, or position concerning the merits, class certification, or the scope of permissible relief.

SO ORDERED.

Dated: August 24, 2026

UNITED STATES DISTRICT JUDGE